IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAPHIS LAMPKINS, SR., | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 17-281-RGA |
| DAVID PIERCE, Warden, and<br>ATTORNEY GENERAL OF THE<br>STATE OF DELAWARE, | : | |
| Respondent. | : | |

## MEMORANDUM

### I. BACKGROUND

In May 1981, a Superior Court jury convicted Petitioner Japhis Lampkins of first degree murder, second degree burglary, first degree conspiracy, and a weapons offense. *See Lampkins v. State*, 465 A.2d 785 (Del. 1983). The Superior Court sentenced Petitioner to life imprisonment without parole for the first degree murder conviction, and to five years of imprisonment for each of the remaining three convictions. *Id.* at 788. Petitioner appealed, and the Delaware Supreme Court affirmed his convictions and sentences. *Id.* at 795.

In 1985, Petitioner filed in this Court a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("petition") challenging his 1981 convictions. (D.I. 8 at 1) The Honorable Joseph J. Farnan, Jr. denied the Petition as meritless. (D.I. 8-2 at 35-42, *Lampkins v. Redman*, Civ. Act. No. 85-625-JJF, Order (D. Del. Apr. 10, 1987)). The Third Circuit Court of Appeals found no probable cause for an appeal. (D.I. 8-2 at 42)

Presently pending before the Court is Petitioner's new Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") challenging his 1981 convictions. (D.I. 1) Petitioner

contends that: (1) defense counsel provided ineffective assistance during his criminal trial and direct appeal by failing to discuss and call potential witnesses; (2) defense counsel provided ineffective assistance by failing to suppress Petitioner's incriminating statements; and (3) defense counsel provided ineffective assistance by failing to have an expert contradict the State's case-in-chief. (D.I. 1) The State filed a Motion for Leave to File a Motion to Dismiss (D.I. 8), along with a Motion to Dismiss (D.I. 8-2). Petitioner filed a Response to the State's Motions, alleging that the Court should consider his arguments to prevent a miscarriage of justice. (D.I. 10 at 5)

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

After reviewing the record, the Court concludes that the instant Petition is a second or successive habeas petition under 28 U.S.C. § 2244. The denial of Petitioner's first petition was an adjudication on the merits for the purposes of 28 U.S.C. § 2244(b), and the instant Petition

challenges the same 1981 convictions and asserts claims that could have been asserted in Petitioner's first petition. *See Murray v. Greiner*, 394 F.3d 78, 80 (2d Cir. 2005); *Benchoff*, 404 F.3d at 817-18. Petitioner has not obtained authorization from the Third Circuit Court of Appeals to file this successive habeas request. *See* 28 U.S.C. §§ 2244(b)(2)(B) & (3). Given these circumstances, the Court lacks jurisdiction to consider the instant Petition. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139.

The Court further concludes that it would not be interest of justice to transfer this case to the Court of Appeals for the Third Circuit. Nothing in the instant Petition or Petitioner's Response comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Consequently, the Court will: (1) grant the State's Motion for Leave to File a Motion to Dismiss (D.I. 8); (2) grant the State's Motion to Dismiss (D.I. 8-2); and (3) dismiss the Petition for lack of jurisdiction.

## IV. PENDING MOTIONS

During the pendency of this proceeding, Petitioner filed a Motion to Appoint Counsel (D.I 9) and a Motion to Order the State to Return an Answer (D.I. 13). Having already determined that it must dismiss the Petition for lack of jurisdiction, the Court will deny Petitioner's two Motions as moot.

## V. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir.

1997).

A separate Order will be entered.

_December 21, 2017_
DATE

_Richard G. Andrews_
UNITED STATES DISTRICT JUDGE